```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|                              |   |                                    |
|---|---|---|
| SAM H. JAMES, JR.,           | : | CIVIL ACTION NO. 07-842 (MLC)      |
|     Plaintiff,               | : | **MEMORANDUM OPINION**             |
|     v.                       | : |                                    |
| WILLIAM H. WALLS, et al.,    | : |                                    |
|     Defendants.              | : |                                    |

**THE COURT** ordered the plaintiff to show cause why the complaint should not be dismissed for violating the Federal Rules of Civil Procedure, and for improperly seeking relief from federal determinations, as well as on the grounds of judicial immunity, Younger abstention, the Rooker-Feldman doctrine, res judicata, entire controversy, and collateral estoppel.  (Dkt. entry no. 3, Order to Show Cause.)  The plaintiff brings this action against United States District Court Judge William H. Walls, the United States Department of Housing and Urban Development, Erica D. Vitanza, and AAA Mid-Atlantic Insurance Group, as well as approximately thirty other defendants.  (Compl.)  The plaintiff is no stranger to commencing litigation pro se in the United States District Court for the District of New Jersey.  See James v. United States, No. 05-310 (WHW); James v. 279 4th Ave. LLC, No. 03-3915 (WJM); James v. McGovern, No. 99-1793 (AJL); James v. New Jersey, No. 97-1246 (JWB).

**I.   ALLEGATIONS**

The plaintiff asserts that Judge Walls engaged in misconduct in general and in overseeing his action in <u>James v. United States</u>, No. 05-310 (WHW):

> Official Act of Bribery of State Judge Gary Furnai, around August 4, 2004 and the possible murder of my friend Amanda Thompson, a witness against Hon. Gary Furnai caused Honorable U.S. Judge William H. Walls to commit bribery of his order of around August 2, 2006 was a product of a corrupt conspiracy and that is sufficient to assert private parties 279 Fourth Avenue Management L.L.C. and its agents and my State Officials and Federal Officials named and not named were acting under Color of State and Federal Law to violate my Civil Rights . . . and Fair Housing Rights . . . with intent to injure Sam H. James Jr.  I was and am being prosecuted under State Statue [sic] Valid on their faces for conduct guaranteed by Federal Constitutional Guarantees, or by Federal Statutes or by both, constitutional guarantees and State Law and State Constitutional Guarantees, because of my race, National Origin and Religious beliefs Islam.

(Compl., at 4-5.)  The plaintiff also accuses Judge Walls of:

> trying to set me up for Criminal charges in his ruling of around July 17, 2006 to protect fraternal friends after asking him to recuse himself he got mad and I anald [sic] his powers.

(<u>Id.</u> at 5.)  The plaintiff asserts further that:

> on July 13, 1993 Workers Compensation Case named the 13th the day of fraternal killing of me by silence and cruelty 8th Amendment of U.S. Constitution, was initiated threw [sic] the American State and Federal Fraternal Systems as a Fraternal Ritual because I sued a lawyer in the State of New Jersey and took a Physician to the Medical Examiners Board around 1992

> who received a [sic] order of Public Reprimand.  State
> of New Jerseys [sic] Fraternal Order Came after me to
> violate my Human Rights Civil and Political Rights Like
> Elmer Allen of Human Experiments.

(Id. at 4.)  The plaintiff asserts further that individuals identified as Judge Walter Kaprowski and the Mayor of East Orange:

> possibly had conversation . . . to create bias order
> conspiracy and not hear my East Orange Rent Leveling
> Case to cover for Jewish Landlords against my rights.

(Id. at 5.)  The plaintiff asserts further that Kaprowski is "Incompeten[t] because of those Big Bio-Focals [sic] he wears they possibly affect his hearing."  (Id.)  The plaintiff also asserts that:

> Because of the Devil Worshipping Club in the United
> States of America all Judges are bound by that oath to
> lynch a Black person mostly not a member because of
> what blacks did to whites while they ruled.  This is
> why all countries are planning to Attack America One
> Day and we are to [sic] stupid to see it.

(Id. at 7.)  The plaintiff also alleges that there is a wide-ranging conspiracy to bring about unfavorable determinations against him in several federal and state court actions, including some involving those he has named as defendants here.  See AAA Mid-Atlantic Insurance Group v. James, No. 06-3431 (N.J. Superior Court, Bergen County); James v. HUD, No. 05-9439 (N.J. Superior Court, Essex County); Vitanza v. James, No. 06-8712 (N.J. Superior Court, Essex County).[1]

---

[1]  These actions are listed in Westlaw's "Dockets" library.

The plaintiff also asserts throughout the complaint that he is the victim of "Phony Judgment[s]," "Complaints against me like target Practice," various "fail[ures] to investigate" conspiracies against him, a "witch hunt," someone "screwing around with tenants records," a "Masonic hit placed on me by members of the Legal field" and "because of Jewish people," and "unfair Government actions." (Compl., at 6-7, 9-10, 12.)

The plaintiff's remaining allegations are indiscernible. He seeks, inter alia, compensatory damages of "$100,000,000,000.00 and 5 Billion in Punitive Damages and the removal of Senior Federal Judge William H. Walls from my case." (Id. at 10.)

## II. COMPLAINT IS DEFICIENT

The Court must construe a pro se complaint liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not credit bald assertions or legal conclusions. Id. A complaint is frivolous if it lacks an arguable basis in law or fact, or contains "inarguable legal conclusion[s]" or "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 325, 328 (1989). The complaint here is deficient on several grounds.

4

**A.     Fantastic allegations**

The Federal Rules of Civil Procedure ("Rules") require that a complaint (1) contain "a short and plain statement of the claim," and (2) "be simple, concise, and direct."  Fed.R.Civ.P. 8(a),(e).  However, the complaint here presents a "dense thicket" of "incomprehensible" assertions.  Eisenstein v. Ebsworth, 148 Fed.Appx. 75, 77 (3d Cir. 2005) (affirming order dismissing complaint for, inter alia, violating Rule 8); Doumit v. Coldwell Banker Realtors, 135 Fed.Appx. 543, 544 (3d Cir. 2005) (affirming order dismissing pro se complaint).

The plaintiff's claims "involve fantastic factual scenarios . . . lack[ing] any arguable factual or legal basis."  Allen-Mensah v. O'Malley, No. 06-3387, 2007 WL 412194, at *1 (3d Cir. Feb. 2, 2007) (affirming judgment dismissing complaint alleging defendants experimented on plaintiff).  His allegations about "a sweeping conspiracy" against him "surpass all credulity."  Caesar v. Megamillion Biggame Lottery, 193 Fed.Appx. 119, 120-21 (3d Cir. 2006) (affirming judgment dismissing complaint alleging conspiracy to steal winning lottery tickets), cert. denied, 127 S.Ct. 1150 (2007).  Also, all of the claims when viewed in their totality are "delusional, irrational, [and] wholly incredible."  Hines v. United States, 166 Fed.Appx. 610, 611 (3d Cir. 2006) (dismissing appeal from order dismissing complaint alleging government torture).

It also appears that the plaintiff's allegations "target[] . . . those who had presided over, or were otherwise involved, in his criminal or civil proceedings or their outcomes," and thus such "allegations, made to retaliate against and harass defendants, [a]re malicious." Concepcion v. Resnik, 143 Fed.Appx. 422, 426 (3d Cir. 2005) (affirming judgment dismissing complaint), cert. denied, 126 S.Ct. 1420 (2006).

### B. Rule 20(a)

The plaintiff has joined over thirty defendants and raised a hodgepodge of claims spanning a period of years. These claims — to the extent they are arguably cognizable — do not appear to (1) arise out of the same series of transactions or occurrences, or (2) involve a question of law or fact common to all of the defendants. Thus, the complaint — in addition to being in violation of Rule 8 — violates Rule 20(a), which concerns the permissive joinder of parties. See Fed.R.Civ.P. 20(a); Carpenter v. Pa. State Univ., 206 Fed.Appx. 120, 121 (3d Cir. 2006) (dismissing appeal from order dismissing pro se complaint).

### C. Judicial Immunity

The complaint insofar as asserted against various judges — to the extent it arguably states cognizable claims — is barred under the absolute-immunity doctrine, as the alleged conduct concerns judicial acts. Judges cannot be held civilly liable for their judicial acts, even when those acts are in excess of their

6

jurisdiction and alleged to have been done maliciously or corruptly. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000).

**D.    Relief from Federal Determinations**

The plaintiff, in part, seeks relief from determinations issued in various actions brought in federal court. The plaintiff cannot seek such relief from a different district court judge. He must seek relief from an order or a judgment issued by a district court judge from either the same judge, or the proper Court of Appeals. See Fed.R.Civ.P. 60; L.Civ.R. 7.1(i); Fed.R.App.P. 3-5.[2]

**E.    Younger Abstention**

The Court should abstain from exercising jurisdiction here under the Younger abstention doctrine, as the state actions apparently referenced here (1) may be ongoing, (2) implicate important state interests, and (3) present an adequate opportunity to raise federal claims therein. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971).

**F.    Rooker-Feldman doctrine**

The Court lacks jurisdiction as to any claims concerning determinations made in the state actions referenced here under

---

[2] The plaintiff is already aware of the proper appellate procedure. See James v. 279 4th Ave. LLC, 125 Fed.Appx. 457 (3d Cir.), cert. denied, 126 S.Ct. 569 (2005), reh'g denied, 126 S.Ct. 1327 (2006).

the Rooker-Feldman doctrine, as those claims were — or could have been — raised in those state actions, from which the plaintiff should have sought review through the state appellate process and, if warranted, certiorari to the United States Supreme Court. See D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923).  A losing party may not "seek[] what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal right."  Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994).  Thus:

> The Rooker-Feldman doctrine prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling.  Stated another way, Rooker-Feldman does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders.

McAllister v. Allegheny County Family Div., 128 Fed.Appx. 901, 902 (3d Cir. 2005) (quotes and cites omitted).

### G.  Res Judicata, Entire Controversy, & Collateral Estoppel

The Court may address the doctrines of res judicata, entire controversy, and collateral estoppel sua sponte, even though they are affirmative defenses, as they are "obvious from the face of the [pro se] complaint."  Patel v. PMA Ins. Co., No. 97-5584, 1998 WL 175896, at *2 n.3 (E.D. Pa. Apr. 14, 1998) (concerning statute

of limitations), aff'd, 182 F.3d 904 (3d Cir. 1999); see Bieregu v. Ashcroft, 259 F.Supp.2d 342, 352 (D.N.J. 2003) (concerning preclusion); George v. Martin, No. 99-432, 2001 WL 1568480, at *2 (Terr. V.I. Oct. 29, 2001) (concerning res judicata).

### 1. Res Judicata

Res judicata, or claim preclusion:

> will bar a suit if (1) the judgment in the first action is valid, final and on the merits; (2) the parties in both actions are the same or are in privity with each other; and (3) the claims in the second action . . . arise from the same transaction or occurrence as the claims in the first one.

Sibert v. Phelan, 901 F.Supp. 183, 186 (D.N.J. 1995). Thus, under res judicata, a judgment is given "preclusive effect" by "foreclosing litigation of matters that should have been raised in an earlier suit." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984). As a result, a judgment "foreclos[es] litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." Id.

All of the components of res judicata appear to have been satisfied as to many of the plaintiff's claims. "A judgment that is final and therefore res judicata in the courts of one state ordinarily must be given full faith and credit by all other courts in the United States." Flood v. Braaten, 727 F.2d 303, 308 (3d Cir. 1984). Many of the parties named here are named, or

in privity with those named, in previous state and federal actions. The claims here — as is apparent from the plaintiff's own description of the previous actions — arise from the same transactions or occurrences as the claims addressed in the previous actions.

### 2. Entire Controversy

The entire controversy doctrine is:

> based on the principle that the adjudication of a legal controversy should occur in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy. Successive claims are deemed to constitute a single controversy for purposes of the entire controversy doctrine when the claims arise from related facts or the same transaction or series of transactions.

Okpor v. Rutgers, State Univ. of N.J., 196 Fed.Appx. 129, 131 (3d Cir. 2006) (quotes and cites omitted).[3]

All of the components of the doctrine appear to have been satisfied as to many of the plaintiff's claims. The adjudication of many of the underlying legal controversies here should have occurred during the course of the previous actions. The plaintiff's successive claims here — as is apparent from his own description — arise from related facts or the same series of transactions addressed in the previous actions.

---

[3] The entire controversy doctrine may apply here. See Rycoline Prods. v. C&W Unltd., 109 F.3d 883, 887 (3d Cir. 1997).

10

### 3. Collateral Estoppel

Collateral estoppel, or issue preclusion, proscribes relitigation when (1) the identical issues were decided in a prior adjudication, (2) there was a final judgment on the merits, (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication, and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issues. See Bd. of Trs. of Trucking Employees of N. Jersey Welfare Fund v. Centra, 983 F.2d 495, 505 (3d Cir. 1992).

All of the components of collateral estoppel appear to have been satisfied as to many of the plaintiff's claims. The same issues — according to the plaintiff's own description — were adjudicated in previous state and federal actions. As to the claims already addressed in the previous federal actions and several of the previous state actions, there were final judgments on the merits. The plaintiff had every opportunity to litigate the issues previously.

## III. ORDER TO SHOW CAUSE

The plaintiff thus was advised that the Court was inclined to dismiss the complaint based on the aforementioned grounds. (Order to Show Cause, at 12.) The Court ordered him to show cause why the complaint should not be dismissed. (Id. at 13.)

## IV. PLAINTIFF'S RESPONSE

The plaintiff filed a response — including documents from previous cases and correspondence to government officials and

medical personnel — amounting to 65 pages. (Dkt. entry no. 5, Pl. Resp.) He has also submitted a proposed amended complaint. (Dkt. entry forthcoming.) The plaintiff argues that: (1) the order to show cause is "slick" and a "trick . . . to Circumvent Justice and cause a miscarriage of justice to occur"; (2) "all these Judges do is call each other up and ask for favors"; (3) he is "watching" this Judge "very closely now good move to screw me"; and, (4) his treatment by the courts has been "illegal" and indicative of "Genocide". (Pl. Resp., at 1-2.) The Court, upon review of these papers, finds the arguments to be without merit, as they merely re-state the improper allegations in the complaint.

The proposed amended complaint also fails to address the deficiencies of the complaint. The Court, therefore, intends to dismiss the complaint as deficient based on the grounds discussed above, and direct the Clerk of the Court to close the action.

## V. PLAINTIFF'S FURTHER ACTIVITY

### A. Three-Judge Panel

The plaintiff moves, in effect, under 28 U.S.C. § 2284 to convene a three-judge panel to oversee this action. (Dkt. entry no. 6.) But there are no grounds here for granting that relief, as "[u]nder § 2284, a three-judge panel may be convened only under limited circumstances, such as to preside over 'action[s] . . . challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide

legislative body.'" Kachikwu v. Kachikwu, 205 Fed.Appx. 929, 931 (3d Cir. 2006) (affirming district court order denying motion). The allegations set forth by the plaintiff in support of the motion — e.g., the courts are perpetrating a "snow job" against him — are without merit. The Court will deny the motion.

    **B.    Disqualification**

The plaintiff also moves under 28 U.S.C. § 455 to disqualify this Judge. In support, he re-states the allegations in his complaint and the arguments in his response to the order to show cause. (Dkt. entry forthcoming.) However, "[a]dverse legal rulings are not proof of prejudice or bias and, almost never, a basis for recusal," and his arguments comprise no more than "a fantastic conspiracy theory for which he provides no evidence." D'Amario v. Bailey, 182 Fed.Appx. 102, 103 (3d Cir. 2006) (affirming district court order denying motion to disqualify). The Court will deny the motion to disqualify.

    **C.    Inappropriate Conduct**

The plaintiff, on April 19, 2007, appeared at the Clerk's Office to personally deliver documents. (See dkt. entry no. 7, 5-10-07 Letter.) The Court is advised that when the plaintiff perceived the staff of the Clerk's Office as being uncooperative, he proceeded to behave in a threatening manner — e.g., he kicked a door repeatedly — and that the staff of the Clerk's Office required the assistance of court security personnel. The Court

intends to bar the plaintiff from contacting the Clerk's Office or this Court by any means other than the mail.

### VI. CONCLUSION

The Court will deny the plaintiff's separate motions and dismiss the complaint. The Court will issue an appropriate order, judgment, and notice.

                                             s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge